# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JACK DALY, <br><br> Defendant. | Case No. 23-CR-78-JPS <br><br><br> **ORDER** |

On December 15, 2023, the Court sentenced Defendant Jack Daly ("Defendant") to four months of imprisonment, to be followed by two years of supervised release. ECF No. 46 at 2–3. Defendant's term of supervised release began on June 6, 2024 and is scheduled to end on June 5, 2026. *See* ECF No. 55 at 2.

On October 31, 2024, Defendant moved the Court to modify the terms of his supervised release, pursuant to Federal Rule of Criminal Procedure 32.1. *See generally id*. Defendant describes the detailed procedural history that leads to his motion, including attempts for various United States Probation offices to oversee his supervision in the District of the Virgin Islands, where he currently resides. *Id.* at 3–5 (describing how the United States Probation Office for the District of the Virgin Islands took and most recently terminated its supervision over Defendant, how the United States Probation Office for the Southern District of Florida declined to supervise Defendant, and how the Defendant's supervision reverted to the United States Probation Officer for the Eastern District of Wisconsin ("USPO-EDWI") on September 6, 2024).

On September 26, 2024, the USPO-EDWI notified Defendant that he must establish residence in the Eastern District of Wisconsin within 60 days, as he currently resides in the United States Virgin Islands and 18 U.S.C. § 3603(4) requires "a probation office . . . to supervise any person under supervision who is known to be within its district, regardless of where the person was originally sentenced." *Id.* at 5 (quoting an email to the Defendant from USPO-EDWI). Defendant moves the Court to modify the terms of his supervised release to allow him (1) to continue residing at his residence in the United States Virgin Islands but under the supervision of the USPO-EDWI; and (2) to travel to the Eastern District of Wisconsin and the Southern District of Florida with 10 days' prior notice to his supervising probation officer. *Id.* at 10. Defendant requests permission to travel to the Eastern District of Wisconsin presumably to comply with any necessary physical probation visits and to the Southern District of Florida where he has ongoing medical care and where his wife and children (when on break from school) reside. *Id.* at 9. The Court will grant Defendant's motion, with one modification,[1] for the reasons discussed herein.

In support of his motion, Defendant emphasizes his record of compliance throughout pre-trial supervision, incarceration, and now supervised release. *Id.* at 5, 8. Defendant notes that he is a non-violent, first-time offender who has "not exhibited any behavior indicating that he is at risk of recidivism." *Id.* at 8. Defendant argues that denying his motion

---

[1] Defendant moved to modify his conditions such that he may travel between the District of the Virgin Islands, the Southern District of Florida, and the Eastern District of Wisconsin provided he gives at least 10 days' prior notice to his supervising probation officer. *Id.* at 10. The Court, in granting Defendant's motion, makes the modification of also requiring that Defendant provide his travel itinerary to his supervising probation officer prior to traveling.

would "impede [his] ability to remain compliant with Condition [No.] 6 of his supervised release, which requires [the Defendant] to use his best efforts to support his dependents" because he works from his residence in the United Station Virgin Islands. *Id.* at 2–3, 9. Defendant represents that the USPO-EDWI and the Government have both indicated that they take no position as to this motion. *Id.* at 1.

Pursuant to 18 U.S.C. § 3583(e)(2), a Court may modify the conditions of a defendant's supervised release "at any time prior to the expiration or termination of the term of supervised release . . . ." The Court must consider the factors set forth in 18 U.S.C. § 3553(a)—but not subsections (a)(2)(A) or (a)(3)—before modifying conditions of supervised release. *Id.* These § 3553(a) factors include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant; [and] the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2)(B)–(D). "The references in § 3583(e) to portions of § 3553(a) incorporate, for purposes of decisions to modify conditions of supervised release, nearly all of the original sentencing goals, excepting only the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, and the directive to consider the 'kinds of sentences available.'" *United States v. Neal*, 810 F.3d 512, 516 (7th Cir. 2016). This is consistent with the goal of supervised release "to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529

U.S. 53, 59 (2000) (citing 18 U.S.C. § 3553(a)(2)(D); U.S. Sent'g Guidelines Manual § 5D1.3(c)–(e) (U.S. Sent'g Comm'n 1998); and S. Rep. No. 98-225, at 124 (1983)).

"A sentencing court has broad discretion to set or modify the conditions of supervised release." *United States v. Smith*, 443 F. App'x 194, 196 (7th Cir. 2011) (citing *United States v. Lowe*, 632 F.3d 996, 997 (7th Cir. 2011) and *United States v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002)). The relevant § 3553(a) factors weigh in favor of granting the requested modifications. The nature of the offense and characteristics of Defendant lean toward modifying the terms of Defendant's supervised release: he pleaded guilty to a non-violent offense and has substantially complied with the terms of his pre-trial release and supervised release. 18 U.S.C. § 3553(a)(1). Defendant does not appear to show signs of recidivism or appear to be a danger to the public—as represented by Defendant and evidenced by the fact that USPO-EDWI has not recommended that the Court deny Defendant's motion. *Id.* at (a)(2)(B)–(C). Additionally, the fact that Defendant has ongoing medical care established in the Southern District of Florida also weighs in favor of granting Defendant's motion. *Id.* at (a)(2)(D).

Having weighed the sentencing factors enumerated in 18 U.S.C. § 3553(a)—except for subsections (a)(2)(A) and (a)(3)—the Court finds that modification of the conditions of Defendant's supervise release is warranted. *See* 18 U.S.C. §§ 3583(e)(2), 3553(a). Consequently, the Court will grant Defendant's motion and will modify Defendant's Conditions of Supervised Release, ECF No. 46 at 3–4, to require as follows:

- Condition No. 5: The defendant must reside at his existing residence in the U.S. Virgin Islands under the supervision of

the U.S. Probation Office for the Eastern District of Wisconsin.

- Condition No. 12: The defendant shall not knowingly leave the judicial district to which he has been released without the permission of the Court or his supervising probation officer, except that the defendant may travel to the District of the Virgin Islands, the Southern District of Florida, and the Eastern District of Wisconsin provided he gives at least 10 days' prior notice and his travel itinerary to his supervising probation officer.

Accordingly,

**IT IS ORDERED** that Defendant Jack Daly's request for modification to the conditions of his supervised release, ECF No. 55, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Conditions of Supervised Release Nos. 5 and 12, ECF No. 46, shall be and the same are hereby modified as described herein.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge